Brett A. Greenfield, Esq., SBN.: 217343
818 Law Group, LLP
21031 Ventura Blvd. Suite 1101
Woodland Hills, CA 91364
Telephone: (818) 724-7272
Facsimile:  (818) 806-4110

Attorneys for Defendant, MARK ROY ANDERSON

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br><br>MARK ROY ANDERSON,<br>　　　　Defendant. | Case No. 2:23-CR-00255-FLA<br><br>**Defendant's Reply in Support of Ex Parte Application to Continue Restitution Hearing** |

　　　The government asserts that a continuance of the restitution determination beyond the 90-day statutory window violates 18 U.S.C. § 3664(d)(5). This interpretation is legally incorrect and, more importantly, constitutionally problematic under the circumstances presented here.

　　　First, the Supreme Court has clearly held that the 90-day period in § 3664(d)(5) is a time-related directive, not a jurisdictional bar. See Dolan v. United States, 560 U.S. 605, 611–12 (2010). So long as the Court has made clear—before the 90-day mark—that restitution will be ordered, it retains authority to determine the specific amount afterward. The statute does not require mechanical enforcement of the 90-day window, especially where doing so would compromise fairness and due process.

　　　Second, a continuance is warranted here to safeguard the defendant's Sixth Amendment right to the effective assistance of counsel. As previously noted, due to the defendant's recent transfer, communication between counsel and client has been virtually impossible. This has precluded any meaningful ability to review records, consult on strategy, or prepare for the hearing. Proceeding under these conditions would render the hearing inherently flawed and deprive the defendant of the competent representation guaranteed by the Constitution.

Third, the restitution hearing directly implicates appealable issues. The accuracy and scope of restitution may bear on the judgment, the conditions of confinement, and financial obligations that follow the defendant for life. These matters are not merely ancillary—they are a critical part of the sentencing framework and the record on appeal. A rushed or incomplete hearing could prejudice those rights irreparably.

Finally, while the defendant may have waived certain rights at sentencing, this was done under extreme duress. He had just received a 25-year federal sentence and was in urgent need of medical attention—needs that required immediate transfer to a Bureau of Prisons facility. The emotional shock of the moment, the pressure to access care, and the overwhelming reality of a decades-long sentence all contributed to a decision made without full appreciation of its implications. Now, with time for reflection, a clearer understanding of his appellate rights, and the sobering reality of a potential lifetime in custody, it is neither unreasonable nor unfair for him to request a modest continuance to ensure full and fair consideration of restitution.

For all these reasons—constitutional, statutory, and equitable—the defense respectfully requests that the Court reject the government's objection and grant a brief continuance to allow adequate preparation and protect the integrity of these proceedings.

Dated: June 3, 2025

Respectfully submitted,

/s/Brett A. Greenfield
21031 Ventura Blvd,
Suite 1101
Woodland Hills, CA 91364
(818) 724-7272

Brett A. Greenfield
Attorney for Defendant Mark Roy Anderson

- 2 -

**Opposition to Government's Position Regarding Restitution Timing Under 18 U.S.C. § 3664(d)(5)**